IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONALD LEROY DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:22-cv-67 (MTT) |
| ) | |
| Warden LAWRENCE WHITTINGTON, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On February 11, 2022, Petitioner Donald Leroy Davis filed a petition for a writ of habeas corpus. Doc. 1. The Court dismissed his case on February 16, 2022, for lack of jurisdiction after it found that Davis's petition was successive and had not been permitted by the Eleventh Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). Doc. 4; *see also Davis v. Walker*, 5:04-cv-56-CAR (M.D. Ga. June 21, 2004) (Davis's first petition for a writ of habeas corpus). Davis filed a motion for a certificate of appealability regarding the dismissal of his petition on March 8, 2022. Doc. 6. Then, Davis filed a motion for leave to appeal *in forma pauperis* on March 24, 2022. Doc. 10. On March 31, Davis filed a motion for leave to proceed *in forma pauperis*. Doc. 11. For the following reasons, these motions are **DENIED.**

In his motion for a certificate of appealability, Davis argues that the Court erred in ruling that Davis challenged his 2000 conviction for murder and that he is instead challenging the validity of his indictment in the same case. Doc. 6 at 1. Davis makes the same argument in his motion for leave to appeal *in forma pauperis.* Doc. 10 at 1.

Davis's challenge to the indictment underlying his conviction is still a challenge to the court judgment that was the subject of his first § 2254 action.  *Davis v. Walker*, 5:04-cv-56-CAR (M.D. Ga. June 21, 2004).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Furthermore, Petitioner's February 23, 2004 petition qualified as a first petition for the purpose of determining successor status because the Court dismissed it as untimely. *Gipson v. Sec'y*, 784 F. App'x 683, 684 (11th Cir. 2019) (citation omitted) (upholding district court's dismissal of habeas petition because "petitioner must satisfy the requirements of 28 U.S.C. § 2244(b) after his original § 2254 petition is dismissed as untimely"); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions"); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam ) (holding "that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Therefore, the instant petition is successive.

In order to file his successive petition for a writ of habeas corpus, Davis must first file an application for leave to submit a successive petition with the Eleventh Circuit and

be granted permission.[1]  Just as the Court lacked the jurisdiction to consider his petition for a writ of habeas corpus (Doc. 1), the Court lacks jurisdiction to consider his current motions regarding his petition.  Docs. 6, 10, 11.  Accordingly, Davis's motions (Docs. 6, 10, 11) are **DENIED.**

**SO ORDERED**, this 1st day of April, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court notes that Davis is aware of this application process, as Davis filed a motion for leave to file a successive petition with the Eleventh Circuit in 2019, which was denied.  *Davis v. Walker*, 5:04-cv-56-CAR, Doc. 22.